IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SUZANNE ZFRANI, | ) ) ) |  |
| *Plaintiff*, | ) ) | No. 20 C 6472 |
| v. | ) ) | Judge Virginia M. Kendall |
| BED BATH & BEYOND, INC. | ) ) |  |
| *Defendant*. | ) ) ) ) |  |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Suzanne Zfrani brought suit in Cook County, Illinois, alleging she slipped and injured herself in a Bed Bath & Beyond store in Wilmette, Illinois. Defendant Bed Bath & Beyond, Inc. ("BBB") removed the case to federal court on the basis of diversity jurisdiction. (Dkt. 1). Before the Court is BBB's Motion for Summary Judgment. (Dkt. 44). For the reasons given herein, BBB's Motion is granted.

**BACKGROUND**

In the afternoon of October 8, 2018, Plaintiff Zfrani went into the Bed Bath &Beyond store at 3232 Lake Avenue, Wilmette, Illinois, to do some shopping while her husband and daughter went to a nearby Starbucks. She was carrying a packaged bedsheet and was looking for a cashier to check out when she fell. Zfrani testified that she slipped on something hard on the floor but was not looking at the ground where she was walking and did not realize she had stepped on something until she was already falling. Zfrani described the item she says she slipped on as "hard and slippery" and "guesstimated" that it was small but could not provide any additional information about the item. (SOF ¶¶7-8). Zfrani does not know where the purported item (that she alleges she

1

slipped on) came from, how long it had been on the floor, or how it got there. (SOF ¶¶7-9).

On the day Zfrani fell, Debra Braden Williams was working in the store as a customer service manager. She noticed Zfrani traversing the store in an odd manner (SOF ¶¶13, 15). She was called to the front of the store to assist a customer, Laura Allswang. As Williams reached Allswang's cart, she felt a bump and saw Zfrani have a "slow motion fly" as she fell to the ground. (SOF ¶¶16-18). Williams looked at the ground but saw nothing that Zfrani could have tripped over and did not see anyone pick anything up off the ground at that time. The customer, Allswang, also did not see what caused Zfrani to fall, did not see anything on the ground, and thought it was possible Zfrani tripped over her own feet. (SOF ¶25). Allswang had wheeled her cart through the area where Zfrani fell and thought she would have known if something was on the ground.

That same day, BBB assistant manager Pedro Ramirez was working upstairs in his office when he heard a commotion and went downstairs to the store area to investigate within 30 seconds. He saw Zfrani on the floor. Ramirez asked Zfrani what caused her fall but testified that she was not answering questions and does not remember getting any specific information from her. (SOF ¶¶34-35). Ramirez looked at the area of the fall right away and did not see anything on the floor and did not see anyone pick anything up off the floor. Michael Legler, the store manager, did not see the fall but prepared a report dated the same day. The report states that customers reported Zfrani fell over someone's foot. Legler testified that if Zfrani had fallen over an item, there would have been photographs included in the report. Similarly, if any witness had indicated she had tripped over an item, they would have been included in the report. The report does not indicate any issue with the ground or anything on the ground. (SOF ¶¶41-42).

BBB employees are trained on safety, cleanliness, and maintenance of the store. The store is cleaned every day. Employees' training includes trip hazards, and employees saw a small item

2

on the floor they were comfortable removing, they would do so. (SOF ¶¶13-14, 32). Employees pay close attention to customer service areas and fix any issues because of the high traffic in those areas. (*Id.*).

On September 14, 2020, Zfrani initiated the instant action in state court alleging that BBB violated its duty of care and created a dangerous condition causing Zfrani to fall and sustain injuries. The action was removed to this Court on October 30, 2020, on the basis of diversity jurisdiction.[1] BBB filed its motion for summary judgment January 14, 2022, and the Court subsequently set a briefing schedule. (Dkt. 47). Zfrani did not file a brief in opposition nor a response to BBB's Rule 56.1 Statement of Facts.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 485 (7th Cir. 2019). As the "'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted). The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (citation omitted). "The controlling question is whether

---

[1] Zfrani is an Illinois citizen and BBB is a New York corporation with its principal place of business in New Jersey. In her complaint, Zfrani claimed that she "was required to seek extensive medical consultation and treatment for said injuries; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies…" Zfrani's ad damnum seeks damages in excess of $50,000. Prior to filing suit, Zfrani made a demand for $125,000. Such demands are relevant to show the amount in controversy for the purposes of diversity jurisdiction. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006). In its notice of removal, BBB stated its good faith belief that the amount in controversy exceeded the jurisdictional amount. (Dkt. 1 at ¶12).

a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## DISCUSSION

When reviewing a grant of summary judgment, the Court typically views the facts in the light most favorable to the non-moving party, *Salvadori v. Franklin Sch. Dist.,* 293 F.3d 989, 992 (7th Cir. 2002), but before the nonmoving party "can benefit from a favorable view of evidence, he must first actually place evidence before the courts." *Montgomery v. Am. Airlines, Inc.,* 626 F.3d 382, 389 (7th Cir. 2010); *see also Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). Zfrani's response to BBB's summary judgment motion was due February 22, 2022, and no response was filed at that time or any time thereafter. BBB's facts are thus deemed admitted for purposes of this motion. *Smith*, 321 F.3d at 683 ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.") The Court notes that this was not the first time in this case that Plaintiff failed to comply with the Court's orders. In fact, Defense counsel moved the Court for sanctions based on Plaintiff's failure to provide disclosures by the deadline imposed by the rule and Plaintiff's subsequent failure to comply with the Court's order to turn over that late discovery by a specific date. The Court rejected the sanctions request primarily because Plaintiff's counsel informed the Court that his co-counsel was ill with shingles. Of course, attorneys are required to inform the Court of illness when possible and plaintiff's lawyers failed to do so. The Court was lenient and allowed for a second extension of discovery for Plaintiff's lawyers to complete the work necessary to bring forward Plaintiff's case. Once Defendant filed its dispositive motion, the Court set the briefing schedule one week later. Plaintiff's response was due February 22, 2022. Plaintiff failed to file a response. When Plaintiff failed to respond, Defendant filed its reply on the Court's deadline of March 8, 2022 noting the

failed response. At no time between February 22 and today, July 18, did Plaintiff seek to appear before the Court seeking an extension of time. Five months have gone by without a word from Plaintiff and therefore the Court will address the motion without the benefit of Plaintiff's position.

This is a diversity jurisdiction action, and the Court applies Illinois premises liability law. "In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Reid v. Kohl's Dep't Stores, Inc.,* 545 F.3d 479, 481 (7th Cir. 2008) (citations omitted). "Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that the business had actual or constructive notice of the dangerous condition that caused the fall." *Id.* (citing *Pavlik v. Wal–Mart Stores, Inc.,* 753 N.E.2d 1007, 1010 (Ill.App.Ct.2001); *Tomczak v. Planetsphere, Inc.,* 735 N.E.2d 662, 666 (Ill.App.Ct.2000)).

In this case, BBB argues that it did not cause any item to be on the floor, nor did it have actual or constructive notice that an item that Zfrani slipped on was on the floor. (Dkt. 45 at 10-13). Zfrani alleges in her complaint that BBB "allowed plastic, clutter, garbage, and other debris to remain upon the floor of its premises…for an unreasonable length of time" (Dkt. 1-1 at ¶6) but has offered no evidence in support of these allegation for the Court to evaluate at summary judgment. There are no facts to suggest that BBB caused an item to be on the floor, and the undisputed facts put forth by BBB support that it did not have actual knowledge of any item. BBB employee Williams looked at the ground immediately after the fall and did not see an item nor did she see anyone pick an item up off the ground. The BBB customer Allswang also did not see anything on the ground in the time immediately preceding Zfrani's fall. The report prepared contemporaneously also does not reflect the presence of any item on the ground or any statements from witnesses about items on the ground in the immediate vicinity before or after Zfrani's fall.

Absent actual knowledge, Zfrani alternatively needed to identify evidence of BBB's constructive knowledge to defeat the summary judgment motion. She has not. "Where constructive knowledge is alleged, '[o]f critical importance is whether the substance that caused the accident was there a length of time so that in the exercise of ordinary care its presence should have been discovered.'" *Reid,* 545 F.3d at 481–482 (quoting *Torrez v. TGI Friday's, Inc.,* 509 F.3d 808, 811 (7th Cir. 2007)). To establish constructive notice, Zfrani must provide "evidence demonstrating the length of time that the [item] was on the floor." *Id.* at 482. There is no evidence that an item even exists, save for Zfrani's self-serving deposition testimony that she slipped on an object that she could not identify. (SOF ¶¶7-8). Eyewitness testimony supports that there was no item near Zfrani at all at the time of her fall. (*Id.* ¶¶19, 21, 24-26, 41-42). This alone would be fatal to Zfrani's claim, since it is impossible to identify an item was on the floor for any length of time when it cannot even be ascertained if any item was on the floor at all. However, even crediting Zfrani's self-serving disposition testimony and assuming she did slip on an item, there is no evidence that it was on the floor for any amount of time prior to her fall. Her testimony does not indicate to any degree how long that supposed item had been on the ground. To prevail, Zfrani would need to generally show that the item was on the floor for "a length of time that would give rise to notice." *Reid*, 545 F.3d at 483. While her testimony is that she slipped on an item, there is no evidence that the item was on the floor for any length of time at all prior to her fall.

Storeowners are required "to keep the floor reasonably safe for customers by cleaning it frequently and by directing its employees to do a certain amount of patrolling of the aisles with their eyes directed at the floor." *Torrez*, 509 F.3d at 810 (7th Cir. 2007). BBB employees are trained on safety, cleanliness, and maintenance of the store. The store is cleaned every day. (SOF ¶39). Employees' training includes trip hazards, and employees saw a small item on the floor they

6

were comfortable removing, they would do so. (*Id.* ¶¶13-14, 32). Employees pay close attention to customer service areas, like the area where Zfrani fell, and fix any issues because of the high traffic in those areas. (*Id.*). As discussed, none of the witnesses to the fall or the immediate aftermath noticed any items on the floor nearby that Zfrani could have slipped on, and BBB employees testified that nobody reported seeing anything on the ground that could have caused the fall. Zfrani has thus offered no evidence that an item was on the floor for a length of time (or any time at all) that would give rise to constructive notice.

Witnesses on the scene at the time of the fall could not contemporaneously identify any object that Zfrani may have slipped on, and there is no evidence to suggest an item (to the extent it existed) was on the ground for any length of time prior to the fall such that its presence should have been discovered in the exercise of ordinary care by BBB. Therefore, absent evidence of actual or constructive notice, no reasonable jury could find that Zfrani's injury was caused by BBB. Summary judgment is proper.

## CONCLUSION

For the foregoing reasons, BBB's Motion for Summary Judgment (Dkt. 44) is granted.

_____
Virginia M. Kendall
United States District Judge

Date: July 19, 2022

7